UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LISA DANTES, on behalf of herself and those similarly situated, | )<br>)<br>) |
| Plaintiff, | ) CASE NO.: 1:13-CV-1290-JDB-egb<br>) |
| vs. | )<br>) |
| INDECOMM HOLDINGS, INC., d/b/a INDECOMM GLOBAL SERVICES, | )<br>)<br>) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Magistrate Judge is Defendant's Motion to transfer this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404. Plaintiff has responded in opposition. This Motion has been referred to the Magistrate Judge for a Report and Recommendation. For the following reasons, the Magistrate Judge recommends that the Court grant this Motion.

## Relevant Background

Plaintiff filed this collective action seeking relief under the Fair Labor Standards Act, ("FSLA"). Plaintiff purports to bring this action on behalf of herself and similarly situated underwriters employed by Indecomm seeking allegedly unpaid overtime compensation pursuant to the FLSA. Plaintiff was one of more than 300 underwriters employed by Indecomm from 2011 through 2013. Indecomm's underwriters, including Plaintiff, largely worked remotely from their homes. During her employment, she worked primarily from her home in Jackson, Tennessee.

Among other opt in plaintiffs are residents of Florida, New York, Ohio, Minnesota, Wisconsin, Texas, North Carolina, South Carolina, Maryland and Washington. Plaintiff's employer, the Defendant, is Indecomm Holdings, Inc., d/b/a Indecomm Global Services ("Indecomm"), which is headquartered in New Jersey.

## Analysis

Pursuant to 28 U.S.C. § 1404, the Court can transfer this action to any other district where it might have been brought, for the convenience of parties and witnesses and in the interest of justice. The purpose of § 1404 is "to prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). Plaintiff does not dispute that the action could have been properly brought in the District of New Jersey, which is where Defendant is headquartered, accordingly, the examination now shifts to the consideration of convenience and justice factors. The Court can consider several factors in determining whether to transfer a case pursuant to this section:

> When ruling on a motion under § 1404(a), 'a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.' . . . Factors relevant to the convenience of the parties include: (1) the location of willing and unwilling witnesses; (2) the residence of the parties; (3) the location of sources of proof; (4) the location of the events that gave rise to the dispute; and (5) the plaintiff's choice of forum.

*Sovik v. Ducks Unlimited, Inc.*, No. 3:11-cv-0018, 2011 WL 1397970, at *5 (M.D. Tenn. Apr. 13, 2011) (citation omitted).

The burden of establishing that another venue is more appropriate falls on the moving party. *Nisby v. Barden Mississippi Gaming LLC*, 06-2799 MA, 2007 WL 6892326 at *11 (W.D. Tenn. Sept. 24, 2007); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The Sixth Circuit has

noted that "district courts have 'broad discretion' to determine when party "convenience" or "the interest of justice" make a transfer appropriate. Only when the district court 'clearly abuse[s] its discretion' in balancing these considerations will [the Sixth Circuit] reverse." *Reese v. CNH America*, LLC, 574 F.3d 315, 320 (6th Cir. 2009); *Phelps v. McClellan,* 30 F.3d 658, 663 (6th Cir.1994).

Defendant argues that the relevant factors weigh strongly in favor of transferring the case to the District Court for the District of New Jersey. First, the 300-plus remote underwriters were collectively spread among at least 30 different states. Defendant argues that while Tennessee has few, if any, relevant connections to this case, New Jersey is the nucleus of Plaintiff's claims. Indecomm's corporate headquarters is in New Jersey. Key decisions relating to Plaintiff and other remote underwriters were made by individuals in various states who ultimately reported to decision-makers in New Jersey. Defendant maintains that the proper venue for overtime wage claims under the FLSA is where the defendant's corporate headquarters is located, even where Plaintiffs worked or received their paychecks in different districts.

In addition, Defendant says, several other factors support transfer of this case. Indecomm keeps no documents in Tennessee, but does keep hard copy documents in New Jersey as well as electronic records accessible by authorized New Jersey employees. Potential Indecomm witnesses are either located in New Jersey or go there frequently in connection with their duties. Finally, it is likely easier for potential class members to travel to the District of New Jersey than to this District based on airport locations, particularly given that there is not a major airport in Jackson, Tennessee.

In response, Plaintiff states that Plaintiff and current opt-in plaintiffs worked for Defendant from the following states: Tennessee, Florida, New York, Ohio, Minnesota, Wisconsin, Texas, North Carolina, South Carolina, Maryland and Washington. Plaintiff states that several of the opt-in

3

plaintiffs have executed Declarations attached to this Response which indicate their preference is for this action to remain in Tennessee. Plaintiff explains that Tennessee is geographically the center of the area where these individuals worked and thus was determined to be most convenient. Plaintiff argues that selection of forum is rarely disturbed unless the balance is strongly in favor of the Defendant. See *Reese*, 574 F.3d at 320.

Defendant argues that because this matter is a putative collective action, the Plaintiff's choice of forum should be given little weight. *See* Motion at p. 10. Plaintiff rebuts that courts have rejected this contention in regard to FLSA "opt-in" collective actions since opt-in plaintiffs must affirmatively choose to join in, and are thus choosing the same forum to litigate their claims. *See Johnson v. VCG Holding Corp.*, 2011 WL 734564, *5-6 (D. Me. March 1, 2011).

The Magistrate Judge agrees with Defendant that it is logical in a nationwide class action that a plaintiff's choice of forum is entitled to less deference. *Wiley v. Gerber Prods.,* 667 F.Supp.2d 171, 174 (D.Mass. 2009) (stating that the logic of the argument against a strong presumption favoring the plaintiff's forum is "convincing"); *cf. Koster v. (Am.) Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947) ("[W]here there are hundreds of potential plaintiffs ..., the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened") (applying analogous common law doctrine of *forum non conveniens* to shareholder derivative suit). Here, Plaintiff does attach six affidavits from opt-in plaintiffs which appear to be "cut and paste" but each declares that "a transfer to New Jersey would require me to travel further and be more difficult than if the case remained in Tennessee." The Court finds that Plaintiff has the advantage, though slight, on this factor. Turning to the other considerations, as far as location of willing and unwilling witnesses, it is clear that New Jersey would be the superior location as Defendant is headquartered there, whereas potential class

members are spread out throughout the country. Residence of the parties favors Defendant, for the same reason, and location of sources of proof also favors Defendant. As far as location of the events giving rise to the dispute, Defendant has the advantage; decision makers were located in New Jersey, though much of the communication was done electronically through computer or email.

Overall, the convenience of the parties and witnesses favors Defendant, as witnesses are located in New Jersey where Defendant is located, while very few of the actual Plaintiffs reside in or close to Tennessee, and indeed some plaintiffs are closer to New Jersey. The opt-in plaintiffs and potential opt-in plaintiffs worked in their homes all over the country, while Defendant is headquartered in New Jersey, and thus a substantial part of the events giving rise to the claims occurred in New Jersey. The Magistrate Judge agrees with Defendant that given the geographic spread of the parties and potential parties, New Jersey is the one location common to the claims. Pursuant to 28 U.S.C. § 1404, the Court can transfer this action to any other district where it might have been brought, for the convenience of parties and witnesses and in the interest of justice, and finding that this action could have been brought in New Jersey and finding it more convenient for parties and witnesses, and in the interest of justice, the Magistrate Judge recommends that the Motion to Transfer be granted.

Respectfully Submitted this 11th day of August, 2014.

                                              **s/Edward G. Bryant**
                                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**